UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PROVIDENT LIFE & ACCIDENT INS. CO., | ) | 3:19-CV-1325 (SVN) |
|     *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BRADLEY D. MCKINNEY, | ) | February 7, 2022 |
|     *Defendant*. | ) | |

## RULING ON MOTION TO SUPPLEMENT ADMINISTRATIVE RECORD

Sarala V. Nagala, United States District Judge.

Provident Life and Accident Insurance Company (hereafter "Provident Life") brings this action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* Specifically, Provident Life seeks a declaration that the insurance policy it issued to Bradley D. McKinney was properly rescinded, along with associated equitable relief, under 29 U.S.C. § 1232(a)(3).[1] ECF No. 1, Compl., ¶ 47. McKinney responds with a counterclaim under 29 U.S.C. § 1132(a)(1)(B),[2] claiming that Provident Life wrongfully denied benefits owed to him under the policy and seeking a judgment requiring Provident Life to pay the full amount of benefits due. ECF No. 11, Counterclaim, ¶¶ 13–14.

In the present motion, McKinney seeks to supplement the administrative record, that is, the record of evidence Provident Life itself considered in denying his claim for benefits and which will be reviewed by this Court if the parties file motions for summary judgment on their claims.

---

[1] 29 U.S.C. § 1132(a)(3) provides, in relevant part: "A civil action may be brought . . . by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan[.]"

[2] 29 U.S.C. § 1132(a)(1)(B) provides, in relevant part: "A civil action may be brought . . . by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan[.]"

ECF No. 33, Mot. at 1. Specifically, McKinney seeks to add an affidavit in which he attests certain facts regarding events Provident Life cited as reasons to deny coverage and rescind the policy. ECF No. 33, Mot. at 6, Ex. A. Provident Life opposes the motion on the ground that McKinney has failed to demonstrate good cause for supplementing the administrative record. ECF No. 38, Opp. at 1.

For the reasons that follow, the Court agrees with Provident Life. Accordingly, McKinney's motion to supplement the administrative record is denied.

## I.    FACTUAL BACKGROUND

In June 2017, McKinney applied for supplemental disability coverage with Provident Life under an employee welfare plan maintained by McKinney's then-employer. ECF No. 1, Compl. ¶ 9; ECF No. 11, Ans. ¶ 9; ECF No. 11, Counterclaim ¶ 3. Provident Life issued a policy to McKinney later that year. ECF No. 1, Compl. ¶ 19; ECF No. 11, Counterclaim ¶ 3. In 2018, McKinney submitted a claim for disability income benefits. ECF No. 1, Compl. ¶ 21; ECF No. 11, Ans. ¶ 21. Based on certain concerns raised in McKinney's claim for benefits, Provident Life initiated a "contestable investigation[.]" ECF No. 1, Compl. ¶ 28; ECF No. 11, Counterclaim ¶ 9.

Specifically, Provident Life contends that McKinney misreported certain material information in his application for coverage. In that application, McKinney reported that, in the preceding six months, he had not experienced a sickness or injury that resulted in his missing one or more days of work; being confined to his home for five or more consecutive days; being admitted to a medical facility; or having any restrictions on his ability to work a full-time job. ECF No. 1, Compl. ¶¶ 11–14; ECF No. 11, Ans. ¶¶ 11–14. McKinney further reported that, in the preceding five years, he had not been treated for blindness, deafness, memory loss, confusion, loss

of use of one or both arms, loss of use of one or both legs, amputation, or disruption of normal speech function. ECF No. 1, Compl. ¶¶ 15–18; ECF No. 11, Ans. ¶¶ 15–18.

Provident Life alleges that McKinney's claim for benefits raised inconsistencies with these application responses. Specifically, Provident Life alleges that McKinney's claim for benefits indicated that his illness first began, and he first received treatment, in February of 2016, which was within five years of his application for coverage. ECF No. 1, Compl. ¶¶ 22–26; ECF No. 11, Ans. ¶¶ 22–25.

Following investigation of these inconsistencies, Provident Life ultimately concluded that McKinney made material misrepresentations and omissions in his application for insurance coverage. ECF No. 1, Compl. ¶¶ 34–36; ECF No. 11, Counterclaim ¶ 9. Provident Life further concluded that, had McKinney completed the application for insurance coverage fully and truthfully, Provident Life would not have issued the policy as written. ECF No. 1, Compl. ¶ 35. Accordingly, Provident Life denied McKinney's claim for benefits, rescinded the policy, and returned McKinney's premiums. ECF No. 1, Compl. ¶ 36; ECF No. 11, Ans. ¶ 36.

McKinney, through counsel, pursued an internal administrative appeal with Provident Life. As part of that administrative appeal, McKinney's counsel wrote a letter to Provident Life, making arguments to contest Provident Life's decision to deny McKinney's claim for benefits. ECF No. 33, Mot. at 1–2 & Ex. B. The letter referenced an affidavit signed by McKinney that set forth facts supporting his appeal. ECF No. 33, Mot. Ex. A & B. In the affidavit, McKinney attests to various facts concerning a February 2016 hospitalization and certain days on which McKinney took paid time off during the six-month period that preceded his application for coverage in 2017. ECF No. 33, Mot. at 5, Ex. A ¶¶ 2–3. He also alleges in the affidavit that he intended to sign up for only disability income insurance, and not catastrophic coverage. *Id.* ¶ 5.

3

Although Provident Life received McKinney's counsel's letter, the affidavit was inadvertently omitted from the package of documents McKinney's counsel sent to Provident Life in support of the appeal. ECF No. 33, Mot. at 1. The affidavit thus was not part of the administrative record considered by Provident Life. Provident Life upheld its conclusion following the appeal. ECF No.1, Compl. ¶ 39; ECF No. 11, Ans. ¶ 39.

Provident Life subsequently initiated this action under ERISA, 29 U.S.C. § 1132(a)(3), seeking a declaration that its policy was properly rescinded as well as associated equitable relief. ECF No. 1, Compl. ¶ 47. McKinney responded with a counterclaim under § 1132(a)(1)(B), contending that Provident Life's denial of benefits and rescission of the policy were wrongful and seeking judgment requiring Provident Life to pay the full amount of benefits due under the policy. ECF No. 11, Counterclaim ¶¶ 10, 13. Specifically, McKinney contends that he "truthfully answered all questions" on the application for coverage, particularly noting that he missed no days of work while receiving medical treatment. ECF No. 11, Counterclaim ¶ 10.

In advance of the dispositive motion deadline, McKinney filed the present motion to supplement the administrative record, ECF No. 33. McKinney seeks to add his affidavit, attached as Exhibit A to the motion, to the administrative record so the Court may consider it when ruling on the parties' forthcoming dispositive motions. ECF No. 33, Mot. at 1. McKinney claims that his counsel intended to attach this affidavit to documents submitted for Provident Life's consideration during McKinney's internal administrative appeal. This affidavit was intended "to provide support for factual claims made in McKinney's appeal letter," particularly regarding the February 2016 hospitalization and certain days McKinney took paid time off, but counsel inadvertently omitted the affidavit. ECF No. 33, Mot. at 1–2. Provident Life opposes the motion, contending that a party cannot supplement an administrative record in an ERISA action absent

4

good cause, which, Provident Life maintains, McKinney has not established in this case. ECF No. 38, Opp. at 2, 5.

## II.     LEGAL STANDARD

"ERISA provides 'a panoply of remedial devices' for participants and beneficiaries of benefit plans." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 108 (1989) (citation omitted). Under either applicable standard,[3] a district court's review of a benefit plan administrator's denial of a claim for benefits is generally limited to the administrative record, that is, "the evidence before the entity that decided the claim when that decision was rendered." *Pruter v. Local 210's Pension Trust Fund*, 858 F.3d 753, 762 (2d Cir. 2017) (internal quotation marks omitted) (citation and internal quotation marks omitted). A court's "decision whether to admit additional evidence is one which is discretionary with the district court, but which discretion ought not to be exercised in the absence of good cause." *DeFelice v. American Int'l Life Assur. Co. of N.Y.*, 112 F.3d 61, 66 (2d Cir. 1997). *See also Muller*, 341 F.3d at 125 ("The decision whether to consider evidence from outside the administrative record is within the discretion of the district court . . . Nonetheless, the presumption is that judicial review is limited to the record in front of the claims administrator unless the district court finds good cause to consider additional evidence." (internal citation and quotation marks omitted) (quoting *DeFelice*, 112 F.3d at 66–67)). The proponent bears the burden

---

[3] A denial of benefits under ERISA may be reviewed by a district court under one of two possible standards, depending on the nature of the benefits plan. If the plan administrator or fiduciary has "discretionary authority to determine eligibility for benefits or construe the terms of the plan," then the district court should reverse the decision to deny a claim for benefits only if such decision was arbitrary and capricious. *Muller v. First Unum Life Ins. Co.*, 341 F.3d 119, 123–24 (2d Cir. 2003) (quotation marks omitted) (quoting *Firestone*, 489 U.S. at 115); *Miller v. United Welfare Fund*, 72 F.3d 1066, 1070 (2d Cir. 1995) (citation and internal quotation marks omitted). On the other hand, if the plan administrator lacks such discretionary authority, then the district court should review the denial of a claim for benefits under a *de novo* standard. *Muller*, 341 F.3d at 124 (citation and internal quotation marks omitted). Neither party has specified whether the plan at issue reserves discretionary authority for Provident Life to construe the terms of the plan. However, the Court need not determine the substantive standard of review at this stage because both arbitrary and capricious review and *de novo* review incorporate the same "good cause" requirement for the Court to consider evidence outside the administrative record. *E.g.*, *Meidl v. Aetna, Inc.*, 346 F. Supp. 3d 223, 234 (D. Conn. 2018) (noting that the presumption that judicial review is limited to the administrative record absent good cause applies whether the substantive standard of review is the arbitrary and capricious standard or the *de novo* standard).

"to allege facts, with sufficient specificity, that would support the existence of 'good cause' permitting the admission of additional evidence beyond the administrative record." *Krizek v. Cigna Grp. Ins.*, 345 F.3d 91, 98 n.2 (2d Cir. 2003).

Limiting a court's review to the administrative record "is consistent with the fact that nothing 'in the legislative history suggests that Congress intended that federal district courts would function as substitute plan administrators[.]'" *Miller*, 72 F.3d at 1071 (quoting *Perry v. Simplicity Eng'g*, 900 F.2d 963, 966 (6th Cir. 1990)). To that end, courts in the Second Circuit "have declined to consider extra-record evidence that merely challenges the merits of the fiduciary's decision to deny benefits, but [have] admitted extra-record evidence when they have concerns about the fairness and adequacy of the procedures used to develop the record." *Meidl*, 346 F. Supp. 3d at 234–35 (collecting cases).

For example, courts are more likely to find good cause where the evidence outside the administrative record indicates some manner of procedural unfairness, such as a conflict of interest on the part of the plan administrator. *E.g.*, *DeFelice*, 112 F.3d at 66 (finding good cause to supplement administrative record where conflicted administrator adversely affected fairness of administrative proceeding); *Locher v. Unum Life Ins. Co. of Am.*, 389 F.3d 288, 294 (2d Cir. 2004) (elaborating on the rule from *DeFelice*); *Halo v. Yale Health Plan*, 819 F.3d 42, 60 (2d Cir. 2016) (finding good cause where "the plan's failure to comply with [the Department of Labor's claims procedure regulation, 29 C.F.R. § 2560.503-1,] adversely affected the development of the administrative record"). In addition, courts are more likely to find good cause when the administrative record is incomplete with respect to certain key items. *See Zervos v. Verizon N.Y., Inc.*, 277 F.3d 635, 647 (2d Cir. 2002) (noting that "the incompleteness of an administrative record might—under certain circumstances—constitute good cause for hearing additional evidence," but

ultimately concluding that the administrative record in that case "was not incomplete"); *Booth v. Hartford Life & Acc. Ins. Co. of Am.*, No. 3:08-CV-13 (JCH), 2009 WL 652198 at *8 n.10 (D. Con. Feb. 3, 2009) ("Given the incomplete state of the [a]dministrative [r]ecord with respect to certain key items, the court anticipates needing to consider evidence outside the [a]dministrative [r]ecord").

On the other hand, courts are unlikely to find good cause to supplement an administrative record when the evidence at issue concerns the plan administrator's substantive decision, rather than a claimed procedural unfairness. *Zervos*, 277 F.3d at 647 (finding no good cause because the disputed evidence was "aimed at bolstering [the proponent's] legal position and not at providing a fuller review of [the plan participant's] claim"); *Richard v. Fleet Fin. Grp. Inc.*, 367 F. App'x 230, 233 (2d Cir. 2010) (summary order) (concluding that evidence outside the record was not admissible for the purpose of "challeng[ing] [the plan administrator's] substantive determination"). Furthermore, courts are unlikely to find good cause to supplement an administrative record when the evidence was available to the proponent at the time of the administrative proceeding and was simply not submitted into the administrative record. *See Muller*, 341 F.3d at 125.

### III. DISCUSSION

The Court cannot conclude that McKinney has met his burden to establish good cause to supplement the administrative record with respect to Exhibit A in this case. McKinney concedes that he had possession of the affidavit during the pendency of the administrative proceeding. ECF No. 33, Mot. at 2. He provides no reason for its omission from the administrative record other than error. ECF No. 33, Mot. at 2. However, courts in this circuit have declined to hold that counsel's inadvertence can establish good cause.

For example, the Second Circuit affirmed a district court's ruling that good cause did not exist to admit medical records that were not submitted to the plan administrator during the administrative proceeding, where the records had been in the possession of the plaintiff during the administrative proceeding and there was sufficient time to submit them to the plan administrator. *Sanford v. TIAA-CREF Individual & Inst. Servs., LLC*, No. 5:12-CV-1254 (MAD/TWD), 2014 WL 1311827 at *9 (N.D.N.Y. Mar. 31, 2014), *aff'd*, 612 F. App'x 17, 19–20 (2d Cir. 2015) (summary order). The district court in that case noted that "the simple fact that evidence may be relevant to a case cannot, alone, be good cause to consider materials that were not provided to the fiduciary at the time it made its determination." *Id.* at *9. The district court ultimately concluded that the plaintiff had failed to demonstrate good cause because the plaintiff "never submitted the records to [the plan administrator], despite having possession of them and despite having several months to submit the information prior to" the plan administrator's decision. *Id. See also Muller*, 341 F.3d at 125 (noting that the plan administrator "gave [the participant] ample time to submit additional materials"). These cases, involving unexplained omissions of evidence from the administrative proceeding, are similar to the present case. Indeed, the Court has not found, nor has McKinney identified, a case in which inadvertence has been found to constitute good cause for admitting evidence not contained in the administrative record.

Moreover, as Provident Life notes, the disputed affidavit concerns not the procedural fairness of the administrative proceeding, but rather the substantive truthfulness of McKinney's representations when he applied for coverage. ECF No. 38, Opp. at 5. This is not a circumstance in which the disputed evidence suggests that the plan administrator was inappropriately conflicted, as in *DeFelice*, 112 F.3d at 66, or had obstructed the development of the administrative record, as in *Halo*, 819 F.3d at 60. Rather, the Second Circuit has counseled against finding good cause in a

circumstance like this where the disputed evidence "appears to be aimed at bolstering [the proponent's] legal position and not at providing a fuller review of [the] claim." *Zervos*, 277 F.3d at 647; *see also Richard*, 367 F. App'x at 233.

Similarly, this is not a circumstance in which good cause may be found because the administrative record is incomplete with respect to key facts. *See Zervos*, 277 F.3d at 646–47; *Booth*, 2009 WL 652198 at *8 n.10. To the contrary, McKinney concedes that the affidavit "does not seek to add any new information or arguments[.]" ECF No. 33, Mot. at 2. McKinney explains that the affidavit sets forth facts that were "explicitly referenced" in his appeal letter from McKinney's counsel to Provident Life submitted in the course of McKinney's administrative appeal, and thus the information was "fully addressed in the administrative record[.]" ECF No. 33, Mot. at 2. Indeed, the letter both closely paraphrases and quotes directly from the affidavit. ECF No. 33 at 5–10. During a hearing on the present motion, counsel for Provident Life represented that it did not intend to argue, in its forthcoming dispositive motion, that the contentions in that letter lacked evidentiary substantiation. Accordingly, the parties appear to agree that the information contained in the disputed affidavit is otherwise contained in the administrative record and was credited by Provident Life when considering the merits of McKinney's administrative appeal.

The fact that the information contained in the disputed affidavit is contained elsewhere in the administrative record further counsels *against* permitting McKinney to add the affidavit to the record. District courts in this circuit have declined to find good cause where "the administrative record already contain[ed]" evidence "similar" to the disputed evidence. *Meidl*, 346 F. Supp. 3d at 236. *See also Wedge v. Shawmut Design & Constr. Grp. Long Term Disability Ins. Plan*, 23 F. Supp. 3d 320, 337 (S.D.N.Y. 2014) (noting that the disputed deposition excerpts "[did] not contain

9

any information that is not already generally reflected in the administrative record, and thus inclusion of this evidence would not impact the Court's ultimate decision" nor would exclusion "prejudice" the proponent).

Finally, McKinney contends that good cause exists to supplement the administrative record because Provident Life would not be prejudiced by admitting the affidavit. ECF No. 33, Mot. at 2. However, McKinney cites no authority for the proposition that a proponent may overcome "the presumption . . . that judicial review is limited to the record in front of the claims administrator" by pointing to a mere absence of prejudice to the non-movant. *Muller*, 341 F.3d at 125 (citation and internal quotation marks omitted).

Accordingly, the Court concludes that McKinney has not met his burden to establish good cause for supplementing the administrative record.

## IV. CONCLUSION

**For the reasons described above, McKinney's motion to supplement the administrative record, ECF No. 33, is DENIED.** As the Court advised the parties during the motion hearing on February 2, 2022, the deadline for any party to file a dispositive motion is set for **February 16, 2022**.

**SO ORDERED** at Hartford, Connecticut, this 7th day of February, 2022.

                                             /s/ Sarala V. Nagala
                                             SARALA V. NAGALA
                                             UNITED STATES DISTRICT JUDGE